# EXHIBIT B

CAUSE NO. CV-24-08-1194

| | | |
|---|---|---|
| **JUAN JOSE HARO** <br> *Plaintiff*, | § <br> § <br> § <br> § | IN THE COUNTY COURT |
| VS. | § <br> § <br> § <br> § | NO. 2 AT LAW |
| **EQUISOLAR, INC., SOLAR MOSAIC, LLC AND ASHLEY GERSHOONY** <br> *Defendants*. | § <br> § | WALLER COUNTY, TEXAS |

**DEFENDANTS, EQUISOLAR, INC., AND ASHLEY GERSHOONY'S ORIGINAL ANSWER, DEFENSES, AND JURY DEMAND**

**COME NOW, DEFENDANTS, EQUISOLAR, INC., AND ASHLEY GERSHOONY,** (**"Defendants"**) in the above-entitled and numbered cause and files this *Defendants, Equisolar, Inc. and Ashley Gershoony's Original Answer, Defenses, and Jury Demand*. In support thereof, Defendants, Equisolar, Inc. and Ashley Gershoony would respectfully show unto the Court as follows:

### I.   GENERAL DENIAL

1. As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, of the allegations made in Plaintiff's Original Petition. Defendants further demand that Plaintiff be required to prove each and every one of its claims and allegations by a preponderance of all the credible evidence.

## II.     AFFIRMATIVE DEFENSES

2.     Pleading further and without waiving the foregoing, Defendants affirmatively plead Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Defendants.

3.     Pleading further and without waiving the foregoing, Defendants would show that any losses or damages sustained by the Plaintiff are *de minimis*, speculative, and/or transient in nature and, hence, are not cognizable by law.

4.     Pleading further and without waiving the foregoing, Defendants plead that the claims and matters made the subject of this proceeding, as well as the damages complained of herein, were proximately caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility, or other conduct on the part of the Plaintiff named herein, third parties, settling persons, and/or responsible third parties over whom Defendants' possessed no control and for whose conduct Defendants are not responsible or liable. By reason thereof, Defendants assert that its legal liability herein, if any, is prescribed under the provisions of the Texas Civil Practice and Remedies Code, §§ 33.01 *et. seq.*

5.     Pleading further and without waiving the foregoing, Defendants deny that they failed to perform any contractual obligations under any contract with Plaintiff. Defendants affirmatively state that to the extent it is a party to any contract with Plaintiff, it satisfied all contractual obligations.

6.     Pleading further and without waiving the foregoing, in the unlikely event Defendants are found to have committed a breach of contract, Defendants specifically deny that such conduct was committed knowingly, intentionally, or in bad faith.

7. Pleading further and without waiving the foregoing, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants asserts that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

8. Pleading further and without waiving the foregoing, Plaintiff failed to take due and appropriate care in the mitigation of its alleged damages and Plaintiff's recovery from Defendants are therefore barred in whole or in part.

9. Pleading further and without waiving the foregoing, Defendants assert that Plaintiff's claims are brought in either bad faith or for the purpose of harassment. Pursuant to Rule 13 of the Texas Rules of Civil Procedure, Defendants hereby serve notice that it seeks recovery for all reasonable expenses, attorney's fees, and other costs that may be awarded by this Court as permitted under the Texas Rules of Civil Procedure and the law applicable thereto.

10. Pleading further and without waiving the foregoing, Defendants assert that Plaintiff's claims should be reduced or barred by the unclean hands of Plaintiff.

11. Pleading further and without waiving the foregoing, Defendants assert, pursuant to Rule 94 of the Texas Rules of Civil Procedure, the affirmative defense of indemnification.

### III.   PUNITIVE DAMAGES

12. Pleading further and without waiving the foregoing, Defendants assert Plaintiff's claim for exemplary damages or punitive damages, if any, are barred because such claims are arbitrary, unreasonable, and excessive in violation of Defendants' right to due process of law and equal protection under the Fifth, Eight, and Fourteenth Amendments to the United States Constitution and under Article I, Sections 13 and 19 of the Texas Constitution. Further, due process requires that punitive damages against Defendants should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution (or in the alternative, should be proved

by clear and convincing standard of proof). Additionally, punitive damages under Texas law constitute an excessive fine in violation of the Eight Amendment of the United States Constitution.

### IV.   JUDGMENT INTEREST

13. Subject to the foregoing pled general denial and without waiving the same, Defendants plead the provisions of Texas Finance Code Chapter 304 regarding limitations and restrictions on recovery of prejudgment and post judgment interest, including the time period when prejudgment interest actually accrues. Additionally, prejudgment interest may not be assessed or recovered on an award of future damages.

### V.   RIGHT TO AMEND

14. Defendants reserve the right to assert additional affirmative defenses as more information becomes available through discovery.

### VI.   NOTICE OF INTENT TO USE AUTHENTICATED DOCUMENTS

15. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby give notice of intent to offer into evidence all documents and items produced by the Plaintiff in response to Defendants' discovery requests as authenticated for use against Plaintiff by virtue of the Plaintiff's production of the same.

### VII.   JURY DEMAND

16. Defendants hereby formally makes this demand and application for a trial by jury in this matter.

## VIII.   PRAYER

17.   **WHEREFORE, PREMISES CONSIDERED,** Defendants pray that the Court grant its affirmative defenses, that Plaintiff take nothing by this suit, that all relief requested by Plaintiff be denied, and all of Plaintiff's causes of action be dismissed with prejudice to the refiling of same. Defendants further pray for such other and further relief, both general or special, at law or in equity, to which it may show itself to be justly entitled.

DATED: October 22, 2024                              Respectfully submitted,

**MOUSILLI LAW, PLLC**
11807 Westheimer Road,
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313

*/s/ Lema Mousilli*
Lema Mousilli
Texas State Bar No. 24056016
lema@mousillilaw.com
service@mousillilaw.com

**ATTORNEY FOR DEFENDANTS EQUISOLAR, INC., AND ASHLEY GERSHOONY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served on all counsel of record, in accordance with the governing rules of procedure regarding service on this **October 22, 2024**, via *electronic filing manager* as follows:

Benjamin Sanchez
Sanchez Law Firm
150 W. Parker Rd., Suite 201
Houston, Texas 77076
service@sanchezlawfirm.com
(713) 780-7745
*Attorney for Plaintiff*


                                              */s/ Lema Mousilli*
                                              Lema Mousilli

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mousilli Law E-Service on behalf of Lema Mousilli
Bar No. 24056016
service@mousillilaw.com
Envelope ID: 93439435
Filing Code Description: Answer/Response
Filing Description: DEFENDANTS, EQUISOLAR, INC., AND ASHLEY GERSHOONYS ORIGINAL ANSWER, DEFENSES, AND JURY DEMAND
Status as of 10/22/2024 3:34 PM CST

Associated Case Party: JuanJoseHaro

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Benjamin Sanchez | | service@sanchezlawfirm.com | 10/22/2024 2:49:55 PM | SENT |

Associated Case Party: Equisolar, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mousilli Law E-Service | | service@mousillilaw.com | 10/22/2024 2:49:55 PM | SENT |

Associated Case Party: Ashley Gershoony

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mousilli Law E-Service | | service@mousillilaw.com | 10/22/2024 2:49:55 PM | SENT |