# EXHIBIT C



quadient
FIRST-CLASS MAIL
IMI
**$009.92** °
10/23/2024 ZIP 77445
043M31217852

HOUSTON TX RPDC 773

28 OCT 2024 PM 2 L

**CERTIFIED MAIL**

9589 0710 5270 1456 7027 36

**LIZ PIRKLE**
Waller County District Clerk
Civil & Criminal Division
400 Sheriff R. Glenn Smith Dr.
Hempstead, Texas 77445

EQUISOLAR, INC.
REGISTERED AGENTS, INC.
5900 BALCONES DRIVE, SUITE 100
AUSTIN, TEXAS 78731

# THE STATE OF TEXAS
## CERTIFIED MAIL CITATION - REISSUED
CV24-08-1194

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: Equisolar, Inc. Defendant Greeting:
　　　　Registered Agents, Inc.
　　　　5900 Balcones Drive, Suite 100
　　　　Austin, Texas 78731

You are hereby commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law No. 2 of Waller County, Texas at the Court House of said county in Hempstead, Texas.

Said Plaintiff's Petition was filed in said court on 08/29/2024, in this case, numbered CV24-08-1194 on the docket of said court, and styled,

Juan Jose Haro, Plaintiff VS Equisolar, Inc.; Solar Mosaic, LLC; Ashley Gershoony, Defendant

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part hereof.

ATTORNEY FOR PLAINTIFF OR PLAINTIFF
　　　　BENJAMIN K SANCHEZ
　　　　150 W Parker Rd Ste 201
　　　　HOUSTON TX  77076
　　　　713-780-7745

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Hempstead, Texas on the 22nd day of October, 2024.

LIZ PIRKLE, District Clerk,
District Court, WALLER COUNTY, Texas
By _____ Deputy
400 Sheriff R. Glenn Smith Drive
Hempstead, TX 77445

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by
mailing to the defendant by certified mail, return
receipt requested, a true copy of the Citation Sec.
17.027 Rules of Civil Practice and Remedies Code if
not prepared by Clerk of Court.
Tina Holloman, Deputy
400 Sheriff R. Glenn Smith Drive
Hempstead, TX 77445
CMRR# **9589-0710-5270-1456-7027-36**

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on  22nd day of October, 2024 I
mailed to Equisolar, Inc.; Solar Mosaic, LLC; Ashley
Gershoony by registered mail or certified mail, return
receipt requested, a true copy of this citation with copy
of the petition attached thereto.

_____
Tina Holloman, Deputy
Waller County District Clerk

Filed 8/29/2024 10:57 AM
Liz Pirkle, District Clerk
Waller County, Texas
By: Tina Holloman, Deputy

No. CV24-08-1194

No. _____

| | |
|---|---|
| JUAN JOSE HARO | IN THE ~~DISTRICT COURT OF~~ |
| | COUNTY COURT AT LAW NO. 2 |
| V. | WALLER COUNTY, TEXAS |
| | |
| EQUISOLAR, INC., SOLAR MOSAIC, LLC, | |
| and ASHLEY GERSHOONY | _____ ~~JUDICIAL DISTRICT~~ |

# Plaintiff's Original Petition and Jury Demand

Plaintiff JUAN JOSE HARO sues EQUISOLAR, INC., SOLAR MOSAIC, LLC, and

ASHLEY GERSHOONY, Defendants, for the causes of action set forth below and

hereby demands a jury trial.

## Discovery Control Plan

1.      Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of

Civil Procedure 190.3 and affirmatively plead that this suit is not governed by the

expedited actions process in Texas Rule of Civil Procedure 169.

## Claim for Relief

2.      Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## Parties

3.      **JUAN JOSE HARO,** Plaintiff is an individual residing in Waller County,

Texas.

4.      **EQUISOLAR, INC.,** Defendant, is a California corporation authorized to

transact business in Texas and in fact is doing business in Texas and may be served by

serving its Registered Agent, **REGISTERED AGENTS INC.,** located at **5900 Balcones Drive, Suite 100, Austin, Texas 78731**.

5.      **SOLAR MOSAIC, LLC,** Defendant, is a Delaware limited liability company doing business in Texas and may be served with process by serving its registered agent, **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136**.

6.      **ASHLEY GERSHOONY**, Defendant, is an individual who is a nonresident of Texas, may be served with process at **5121 Van Nuys Blvd., Ste. 300, Sherman Oaks, California 91403**.

### Venue

7.      The venue of this action is proper in Waller County, as Defendants do business in Waller County, and the events that are the basis of the lawsuit and giving rise to Plaintiff's causes of action occurred, in whole or in part, in Waller County, Texas.

### Facts

8.      On September 2, 2022, Plaintiff was visited by Michael Garcia ("Michael"), an employee of Defendant Equisolar, Inc. ("Equisolar"). Michael represented to Plaintiff that by installing solar panels onto his home, Plaintiff would save a lot of money on his electricity billing and receive an $8,000 tax break from the IRS as an added benefit. Relying on Michael's representation, Plaintiff signed a contract with Equisolar. The purchase of the solar panels was financed by Co-Defendant Solar Mosaic, LLC ("Mosaic"), as directed by Michael.

9.     The solar panels were installed by Mosaic 4 Star Builders on September 9,

2022. Plaintiff and his wife were not home at the time, nor were they given the courtesy

of a notice that the installation of the solar panels was set to occur on September 9, 2022.

Plaintiff was never given a tutorial on how the solar panel system operated or even

notified if the solar panels were functioning. After a few weeks, Plaintiff discovered the

solar panel system was not operational because the batteries were never installed on

September 9, 2022. This information was not previously disclosed to Plaintiff.

10.     Plaintiff attempted to contact Equisolar several times regarding the

installation of the batteries. Equisolar failed to respond to Plaintiff's contact attempts for

several weeks. Once Equisolar connected the batteries to the solar panels, one of

technicians hired by Equisolar performed an inspection and informed Plaintiff the

inverter to the solar panel system was malfunctioning. Therefore, Plaintiff needed to

wait additional weeks for a new inverter to arrive. While waiting for the solar panel

system to function, Plaintiff was having to pay the monthly payments to Mosaic in

addition to his normal electricity bills since.

11.     Once the solar panels were "functioning", according to Equisolar, the

performance of the solar panels was underwhelming and did not generate the

electricity promised to Plaintiff. Plaintiff's electricity bills have not lowered since

obtaining solar panels. Furthermore, Plaintiff has not received the tax credit from the

IRS that was promised to him. Plaintiff now has an underperforming solar panel system

which was misrepresented to him and is obligated to make monthly payments to

Mosaic for the solar panels.

## Count 1 – DTPA Violation

12.     Defendants' misrepresentations have violated Chapter 17, Subchapter E, of

the Texas Business and Commerce Code, commonly referred to as the Texas Deceptive

Trade Practices Act – Consumer Protection Act ("DTPA"). Plaintiffs are consumers as

defined in Section 17.45 of the DTPA. Defendants violated the DTPA by engaging in

false, misleading, or deceptive acts or practices as follows: (1) representing that goods or

services have sponsorship, approval, characteristics, uses, or benefits which they do not

have; (2) representing that goods or services are of a particular standard, quality, or

grade, or that goods are of a particular style or model if they are of another; (3)

advertising goods or services with intent not to sell them as advertised; (4) representing

that an agreement confers or involves rights, remedies, or obligations which it does not

have or involve, or which are prohibited by law; (5) failing to disclose information

concerning goods or services which was known at the time of the transaction if, such

failure to disclose such information was intended to induce the consumer into a

transaction into which the consumer would not have entered had the information been

disclosed; (6) engaging in an unconscionable act or practice that to a consumer's

detriment, takes advantage of the consumers lack of knowledge, ability, experience, or

capacity to a grossly unfair degree.

13.    The wrongful conduct of Defendants was done knowingly and willfully.

Defendants' actions were a producing cause of Plaintiff's damages. Plaintiff seeks to

recover all actual damages, including damages for loss of the benefit of the transaction,

mental anguish and all statutory additional damages of up to three times actual

damages as allowed by the DTPA.

## Count 2 – Fraud and Statutory Fraud

14.    Equisolar made representations to Plaintiff and withheld information with

the intention of inducing Plaintiff into the transaction which were false and which

Equisolar knew were false at the time they were made and intentionally made such

false representations of material fact. Equisolar continued to make material

misrepresentations throughout the transaction. Equisolar's wrongful conduct

constitutes common law fraud, statutory fraud, and intentional misrepresentation.

15.    <u>Exemplary Damages.</u> Defendants violated Section 27.01 of the Texas Business

and Commerce Code by making the false representation to Plaintiff with actual

awareness of the falsity of the representation, which entitles Plaintiff to exemplary

damages under section 27.01(c). Plaintiff's injury resulted from Defendants' actual

fraud, gross negligence, and malice, which further entitles Plaintiff to exemplary

damages under Section 41.003(a) of the Texas Civil Practice & Remedies Code.

## Personal Liability

16.     Plaintiff sues Ashley Gershoony because she closed down Equisolar without properly winding down, in an effort to avoid creditors and claims such as these herein.

17.     <u>Attorney Fees & other costs.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees, expert witness fees, court costs, and costs for copies of depositions under Section 27.01(e) of the Texas Business and Commerce Code.

## Count 3 – Breach of Contract

18.     Defendants breached the contract with Plaintiff, which caused damages to Plaintiff. Plaintiff seeks all actual and consequential damages to which he is entitled.

## Count 4 – Liability Under the Federal Trade Commission's "Holder in Due Course" and Texas Business and Commerce Code Title 1 Chapter 3 "Holder in Due Course"

19.     Under a federal administrative law promulgated by the Federal Trade Commission ("FTC") called the "Holder in Due Course" or "Holder" Rule, consumers can assert defenses to repayment on their loan or assert a claim for past payment made to a creditor with a qualifying relationship to the seller that made the misrepresentation or failed performance. *See Code of Fed. Reg. Title 16, Chapter 1, Subchapter D, Part 433.* Here, Mosaic is jointly liable for the causes of action set forth above against Equisolar under the FTC Holder Rule.

20.     Likewise in Texas, under Chapter 3 of the Texas Business and Commerce, Mosaic is jointly liable for the causes of action set forth above against Equisolar under

the Texas Holder Rule.

## Damages

21.    Plaintiff seeks all actual and consequential damages to which he is entitled. Plaintiff also seeks statutory damages, treble damages, mental anguish, exemplary damages, court costs, pre-judgment interest, post-judgment interest, and attorney fees that may accrue.

## Attorney Fees

22.    Plaintiff was required to retain the services of legal counsel and is entitled to recover reasonable and necessary attorney fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code and the Texas Business & Commerce Code.

## Conditions Precedent

23.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## Jury Demand

24.    Plaintiff hereby demands a trial by jury and tenders the fee accordingly.

## Objection to Associate Judge

25.    Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## Initial Disclosures

26.    Defendants are required to produce the disclosures listed within Rule 194.2 of the Texas Rules of Civil Procedure within 30 days from the date of Defendants' answers herein.

## Prayer

27.    For these reasons, Plaintiff asks the Court to issue citations for Defendants EQUISOLAR, INC, SOLAR MOSAIC, LLC, and ASHLEY GERSHOONY to appear and answer, and that Plaintiff be awarded a judgment against Defendants for actual damages, economic damages, statutory damages, treble damages, exemplary damages, mental anguish, prejudgment, and post-judgment interest, court costs, attorney fees, and all other relief to which they are entitled.

Respectfully submitted,

/s/ Benjamin K. Sanchez
Benjamin K. Sanchez
Texas Bar No. 24006288
Attorney for Plaintiff,
Juan Jose Haro

Sanchez Law Firm
150 W. Parker Rd., Ste. 201
Houston, TX 77076
713-780-7745 (tel)
service@sanchezlawfirm.com